[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the commissioner of motor vehicles ordering suspension of the plaintiff's motor vehicle operator's license. The basis of the commissioner's decision was the plaintiff's refusal to consent to a chemical blood alcohol test after his arrest for operating under the influence of alcohol, as provided in C.G.S. 14-227b.
Section 14-227b(a) provides that "any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine . . . ." If the individual refuses to submit to a test, the commissioner must suspend his operator's license. Subsection (f) of section 14-227b provides that any person whose license has been suspended is entitled to a hearing, and the hearing is limited to four issues.
 (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor? CT Page 9339
(2) Was such person placed under arrest?
(3) Did such person refuse to submit to the test?
(4) Was such person operating the motor vehicle?
The statute further provides that after the hearing the commissioner shall reinstate the operator's license if any of the issues are found in the negative. Following the hearing in this case, the commissioner found all of the issues in the affirmative.
The plaintiff did not appear in person at the agency hearing on the suspension, but he was represented at that hearing by his attorney. At the hearing, the police officer's report, on motor vehicle department form A44, was admitted over the objection of the plaintiff's attorney. It constituted the only evidence on which the hearing officer ultimately based his finding that the plaintiff had refused to be tested.
The plaintiff advances two arguments as the bases for this appeal: (1) that the A44 form was improperly signed and sworn to by the arresting officer; and (2) that the A44 form was not timely mailed to the department.
The A44 form indicates that Police Officer Carpenter, the arresting officer, signed a statement printed on the form, which reads as follows:
 This report of chemical alcohol test refusal or failure is subscribed and sworn to by me, the officer before whom such refusal was made or who administered or caused to be administered such test, under penalty of false statement as provided in Section 53a-157 of the Connecticut General Statutes, before the undersigned official duly authorized to administer oaths.
The date of his signature is indicated to be May 14, 1992. Corporal SueAnn M. Furlong also signed the form as the official before whom Officer Carpenter subscribed and swore to the truth of his report. The date of her signature is indicated to be May 18, 1992. The plaintiff argues that the CT Page 9340 different dates prove that Officer Carpenter did not sign and swear to the form "before" — that is, in the presence of — Corporal Furlong. Therefore, he argues, the form is invalid and should not have been admitted in evidence.
With respect to the execution of the A44 form and its admissibility, General Statutes 14-227b(c) and Regulations of State Agencies 14-227b-10 and 14-227b-19 provide that the form may be admitted in evidence at the administrative hearing if it is signed and sworn to under penalty of false statement as provided in General Statutes53a-157. Section 53a-157 does not require that an official administer an oath in order to invoke the penalty. The statute, by its terms, applies to a statement made "pursuant to a form bearing notice, authorized by law, to the effect that false statements made therein are punishable." The A44 form satisfies the requirements of General Statutes14-227b(c) and 53a-157, and, therefore, it was not necessary that Corporal Furlong administer the oath to Officer Carpenter. Since her role was superfluous, it is immaterial that she signed the form a few days after Carpenter signed it.
Secondly, with respect to the dates on the form, the fact that Corporal Furlong signed the form on May 18 does not prove that she did not administer the oath to Carpenter and witness his signature on May 14. Even if Officer Carpenter were required to sign and swear to the truth of the report "before" Corporal Furlong, therefore, the mere difference in the signature dates does not prove that the officers failed to comply.
The plaintiff's second argument is that the police did not mail the A44 report to the motor vehicle department within three business days after the arrest as required by General Statutes 14-227b(c). Therefore, he argues, the report should not have been admitted in evidence at the agency hearing. This argument was rejected by our Appellate Court, however, in Peters v. Department of Motor Vehicles et al, 26 Conn. App. 937 (1992); a per curiam decision which affirmed the superior court's decision (Damiani, J.) holding that failure to comply with the mailing time requirement does not affect the report's admissibility.
For all of the foregoing reasons, the plaintiff's appeal CT Page 9341 is dismissed.
MALONEY, J.